IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

SHAQUIZA WILFORD,
Individually, and On Behalf of All Others
Similarly Situated,

               Plaintiff,

-against-

UDI'S HEALTHY FOODS, LLC,
and BOULDER BRANDS, INC.,

               Defendants.

**CLASS ACTION COMPLAINT**

**JURY DEMAND**

## COMPLAINT

Plaintiff, SHAQUIZA WILFORD, individually and on behalf of all others similarly situated, by and through their attorneys JTB LAW GROUP, LLC and SANFORD LAW FIRM, PLLC, as and for their Complaint, allege of their own knowledge and conduct and upon information and belief as to all other matters, as follows:

### PRELIMINARY STATEMENT

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action to recover monetary damages, liquidated damages, prejudgment interest and costs, including reasonable attorney's fees as a result of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and Colorado Minimum Wage Act, Colo. Rev. Stat. § 8-6-101 *et seq.* ("CMWA"), and Colorado Minimum Wage Order 29, 7 Colo. Code Regs. § 1103-1 ("CMWO").

2. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the FLSA in connection with Defendants' commonly applied policy and practice in violation

of its statutory obligations to pay Plaintiff and the putative collective members for time overtime compensation at a rate of time and a half (1.5) of their regular rates of pay for work in excess of forty (40) hours per week pursuant to 29 U.S.C. § 207(a).

3. Plaintiff also brings this action under the CMWA and CMWO and overtime statutes and regulations. More specifically, Plaintiff asserts that she is entitled to overtime compensation for all work beyond forty (40) hours per week, at a rate of time and a half (1.5) of their regular rate of pay, pursuant to Colo. Rev. Stat. § 8-6-101 *et seq.* and 7 Colo. Code Regs. § 1103-1.

4. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants has willfully and intentionally committed systematic and widespread violations of the above-described federal and state wage and hour statutes and regulations, in the manner described herein.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, a federal statute.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendant is subject to personal jurisdiction in this District.

7. This Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367, as to claims under Colorado State law.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

## THE PARTIES

9. Defendant UDI'S HEALTHY FOODS, LLC, ("UDI'S") is a privately held domestic corporation organized and existing under the laws of Colorado.

10. Defendant BOULDER BRANDS, INC ("BOULDER") is a privately held domestic corporation organized and existing under the laws of New Jersey.

11. UDI'S is actively doing business in the state, and maintains facilities and its principal places of business at the following locations:

    a. 12000 E. 47th Ave., Suite #400, Denver, CO. 80239;

    b. 101 E. 70th Ave., Denver, CO. 80221;

    c. 4220 Carson St., Denver, CO. 80239; and

    d. 4200 Carson St., Denver, Co. 80239.

12. UDI'S is a wholly owned subsidiary of BOULDER's.

13. BOULDER is actively doing business in the state through UDI'S, and maintains its headquarters in 115 West Century Rd., Suite 260, Paramus, New Jersey, 07652-1432.

14. Defendants are involved all decisions and policies affecting employees, including decisions regarding clocking in and out, the supervision of employees, when, where, and how employees are paid, when and if overtime compensation is offered to employees, and how different groups of employees are treated, and his involvement has been integral from the corporation's inception.

15. At all relevant times herein, Plaintiff Shaquiza Wilford was and is a resident of Denver County, CO.

16. At all relevant times herein, Plaintiff was employed by Defendants as a packager, an hourly paid employee.

## FACTUAL ALLEGATIONS

17. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

18. The primary job responsibilities of the Plaintiff and similarly situated employees was to support the Defendants' mission to package and provide food to customers.

19. UDI'S is a privately held establishment, operating and doing business as a catering company, bakery, and café.

20. UDI'S operates and controls an enterprise engaged in commerce, with an annual gross volume of business exceeding $500,000.00.

21. At all times relevant hereto, UDI'S has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined under 29 U.S.C. §203(s) (1).

22. At all times material and relevant herein, Defendants were jointly the "employer" of Plaintiff and similarly situated employees within the meaning of 29 U.S.C §203(d) and Colo. Rev. Stat. § 8-4-101(5).

23. At all times material and relevant herein, Plaintiff and similarly situated employees were and are employees within the meaning of 29 U.S.C. §203(e) and Colo. Rev. Stat. § 8-4-101(4).

24. At all times material and relevant herein, Defendants either directly or indirectly hired Plaintiff and similarly situated employees; controlled their work schedules and conditions of employment; determined the rate and method of the payment of wages; and kept at least some records regarding their employment.

25. At all times material and relevant herein, Defendants controlled the work schedule, duties, protocols, applications, assignments and conditions of employment of Plaintiff and similarly

situated employees.

26. At all relevant times herein, Plaintiff and similarly situated hourly employees were treated as non-exempt employees by Defendants and received an hourly rate of pay.

27. Plaintiff and similarly situated hourly employees were forced to work hours for which they were not fully compensated and did not receive time and half their regular rate of pay for overtime.

28. At all relevant times herein, Plaintiff and similarly situated hourly employees regularly worked over forty (40) hours a week, but were not paid time and a half their regular rates of pay for the purposes of overtime calculation and compensation, in violation of the FLSA, CWMA, CWMO, and attendant regulations.

29. At all relevant times herein, Defendants maintained control, oversight, and direction over the Plaintiff and the putative members of the proposed class, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

30. Plaintiff and similarly situated employees were required by Defendants and did regularly work over forty (40) hours per week.

31. Upon information and belief, at all times material and relevant herein, Defendants failed to keep full and accurate records of Plaintiff's and similarly situated employees' hours and wages, in violation of 29 C.F.R. §§ 516.5, 516.6.

32. At all relevant times, Plaintiff and similarly situated employees worked in the manner described above and Defendants encouraged, instructed, and required them to work in this manner.

33. Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administration.

regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or the Colorado Department of Labor, or any administrative practice or enforcement policy of such departments.

34. Defendants' widespread violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

## CLASS ACTION ALLEGATIONS

35. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

36. Plaintiff brings this action individually and on behalf of all other similarly situated employees, who were/are affected by Defendants' willful and intentional violation of the FLSA, the CMWA, and the CMWO as described in this Complaint.

37. Plaintiff brings this class action to recover monetary damages owed by Defendants to Plaintiff and members of the putative Class for all unpaid overtime compensation for hours in a work week in excess of forty (40) pursuant to the FLSA, CMWA, and CMWO.

38. Plaintiff brings this claim for relief for violation of the FLSA, as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). The Collective is defined as follows:

   (a) **All current and former employees of Defendants, who were/are employed as hourly employees in the State of Colorado during the applicable statutory period, and who were/are not paid overtime compensation for hours in a work week in excess of forty (40).**

39. The Rule 23 Class under the CMWA and CMWO is defined as follows:

   (a) **All current and former employees of Defendants, who were/are employed as hourly employees in the State of Colorado during the applicable**

**statutory period, and who were/are not paid overtime compensation for hours in a work week in excess of forty (40), and/or**

40. This action is properly brought as a class action pursuant to the collective action procedures of the FLSA and the class action procedures of Rule 23 of the Federal Rules of Civil Procedure. The Class is so numerous that joinder of all members is impractical. While the exact number and identities of Class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that at least four hundred (400) putative class members have worked for Defendants during the applicable statutory period, without receiving appropriate overtime compensation, as required by law.

41. This litigation is properly brought as a class action because of the existence of questions of fact and law common to the Class which predominates over any questions affecting only individual members, including:

    (a) Whether Defendantsare liable to Plaintiff and the putative collective members for violations under the FLSA;

    (b) Whether Plaintiff and putative class members worked more than forty (40) hours per week, and;

    (c) Whether Defendants failed to pay Plaintiff and putative class members proper overtime compensation for all hours worked in a week in excess of forty (40).

42. This litigation is properly brought as a class action because Plaintiff's claims are typical of the claims of the members of the Class, inasmuch as all such claims arise from Defendants' standard policies and practices, as alleged herein. Like all Class members, Plaintiff were damaged by Defendant's system-wide policies and practices of failing to pay overtime compensation for all hours in a work week in excess of forty (40), in violation of the FLSA,

CMWA, and CMWO.

43. Plaintiff has no interests antagonistic to the interests of the other members of the Class. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in class action litigation. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

44. A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

45. Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue enormous savings to both the Court and the Class in litigating the common issues on a classwide basis instead of on a repetitive individual basis;

46. Despite the size of individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a Class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

47. No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the Class.

48. Class certification is also fair and efficient because prosecution of separate actions by individual Class members would create a risk of differing adjudications with respect to such individual members of the Class, which as a practical matter may be dispositive of the interests of other members no parties to the adjudication, or substantially impair or impede their ability to protect their interests.

49. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents FLSA, CMWA, and CMWO claims of a type that have often been prosecuted on a classwide basis, and the manner of identifying the Class and providing any monetary relief to it can easily be effectuated from a review of Defendants' records.

50. Plaintiff and the proposed class members demand a trial by jury.

### FIRST CLAIM FOR RELIEF

#### (Individual Claims for Violation of FLSA)

51. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

52. Plaintiff was required by Defendants and did regularly work over forty (40) hours a week, but Defendants failed to pay Plaintiff proper overtime compensation at time and half (1.5) of her regular rate of pay for hours in a work week in excess of forty (40), in violation of the FLSA.

53. Defendants' policy and/or practice, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

54. Because Defendants willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

55. As a result of the foregoing, Plaintiff was illegally denied proper overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C § 216(b).

## SECOND CLAIM FOR RELIEF

### (Collective Action Claim for Violation of FLSA)

56. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

57. Plaintiff and similarly situated hourly employees were required by Defendants and did regularly work over forty (40) hours a week, but Defendants failed to pay Plaintiff and similarly situated hourly employees proper overtime compensation at time and half (1.5) of her regular rate of pay for hours in a work week in excess of forty (40), in violation of the FLSA.

58. Defendants' failure to pay Plaintiff and the other similarly situated employees proper overtime compensation at time and a half (1.5) of their regular rates of pay for hours in a work week in excess of forty (40) violates the FLSA.

59. Defendants' policy and/or practice, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

60. Because Defendants willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

61. As a result of the foregoing, Plaintiff and the other similarly situated employees in the State of Colorado were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C § 216(b).

## THIRD CLAIM FOR RELIEF

### (Individual Claims for Violation of CMWA and CMWO)

62. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

63. Defendants required Plaintiff to work hours in a work week in excess of forty (40) and required Plaintiff to work without proper compensation.

64. Defendants failed to pay Plaintiff overtime compensation for hours in a work week in excess of forty (40).

65. Defendants' failure to pay Plaintiff overtime compensation for hours in a work week in excess of forty (40), violates the CMWA and CMWO.

66. Defendants' conduct and practice, as described above, was/is willful, intentional, unreasonable, arbitrary and in bad faith.

67. As a result of the foregoing, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to Rev. Stat. § 8-6-101 *et seq.* and 7 Colo. Code Regs. § 1103-1.

## FOURTH CLAIM FOR RELIEF

### (Rule 23 Class Action Claim for Violation of CMWA and CMWO)

68. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

69. Defendants required Plaintiff and the Class members in the State of Colorado to work hours

in a work week in excess of forty (40) and required Plaintiff and the Class members to work without proper compensation.

70. Defendants failed to pay Plaintiff and all the other Class members in the State of Colorado overtime compensation for hours in a work week in excess of forty (40).

71. Defendants' failure to pay Plaintiff and all the other Class members in the State of Colorado overtime compensation for hours in a work week in excess of forty (40), violates the CMWA and CMWO.

72. Defendants' deduction of wages from Plaintiff and other class members' paycheck without authorization, consent, or lawful purpose violates the CMWA and CMWO.

73. Defendants' uniform policy and practice, as described above, was/is willful, intentional, unreasonable, arbitrary and in bad faith.

74. As a result of Defendants' foregoing violation, Plaintiff and all the other Class members in the State of Colorado were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to Rev. Stat. § 8-6-101 *et seq.* and 7 Colo. Code Regs. § 1103-1.

## FIFTH CLAIM FOR RELIEF

### (Individual Claim for Quantum Meruit and Unjust Enrichment)

80. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

81. Plaintiff and members of the Class conferred benefits on the Defendant and Defendant received such benefits conferred upon them by Plaintiff.

82. Defendants accepted and retained the benefits in circumstances that render such retention

inequitable.

83. Defendants has thereby been unjustly enriched and Plaintiff has been damaged.

84. Plaintiff and members of the Class are entitled to damages equal to all unpaid wages due within three years preceding the filing of this Complaint plus periods of equitable tolling.

85. Plaintiff and members of the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for declaratory relief and damages as follows:

A.     A declaratory judgment that Defendants' wage policy and practice alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*

B.     A declaratory judgment that Defendants' wage policy and practice alleged herein violate the CMWA, Colo. Rev. Stat. § 8-6-101 *et seq.*, and CMWO, 29, 7 Colo. Code Regs. § 1103-1.

C.     An Order certifying the FLSA collective class and an Order certifying the CMWA and CMWO class;

D.     Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*

E.     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to

|     | |
| --- | --- |
|     | Plaintiff and the putative collective members during the applicable statutory period. |
| F.  | Liquidated damages pursuant to the Colorado Minimum Wage Act, Colo. Rev. Stat. § 8-6-101 *et seq.* ("CMWA"), and Colorado Minimum Wage Order 29, 7 Colo. Code Regs. § 1103-1 ("CMWO"). |
| G.  | Compensatory damages, pre-judgment interest, and post-judgment interest pursuant to Unjust Enrichment/Quantum Meruit; |
| H.  | An order directing Defendants to pay Plaintiff and members of the putative Collective prejudgment interest, reasonable attorney's fees and all costs connected with this action; |
| I.  | Incentive awards for the lead Plaintiff(s); |
| J.  | An order for injunctive relief and permanently enjoining Defendants from future violations of the FLSA, CMWA, and CMWO; |
| K.  | Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; |
| L.  | Judgment for any and all civil penalties to which Plaintiff and all other similarly situated employees may be entitled; and |
| M.  | Such other and further relief as to this Court may deem necessary, just and proper. |

Dated: July 24, 2013

Respectfully submitted,

**JTB LAW GROUP, L.L.C.**

By: /s/ Jason T. Brown

Jason T. Brown
jtb@jtblawgroup.com
155 2nd Street
Suite 4
Jersey City, NJ 07302
Phone: (201) 630-0000
Fax: (855) 582-5297

and

**SANFORD LAW FIRM, PLLC**
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 110
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By:

Josh Sanford
Col. Bar No. 44358
josh@sanfordlawfirm.com

*Attorneys for Plaintiff*